IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRADY K., individually and on behalf of A.K. a minor, | ) ) ) | Case No. 1:25-cv-00759 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD of TEXAS | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S CORRECTED MEMORANDUM IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY[1]

Plaintiff Brady K. ("Brady") individually and on behalf of A.K., a minor, through her undersigned counsel and pursuant to Rules 10(a) and 5.2(a)(3) of the Federal Rules of Civil Procedure, moves for leave to proceed anonymously in this action. This case involves the denial of coverage for medical benefits for treatment of mental health and/or substance use disorders. The allegations that support this Complaint include the highly sensitive and private mental health history of a minor, A.K., and the challenges that were behavioral challenges that were experienced before and after treatment. In this case, good cause exists to allow Plaintiff to proceed anonymously due to the highly sensitive and personal nature of the underlying facts.

## BACKGROUND FACTS

---

[1] Filed as requested by the Court in ECF 5.

Brady and A.K. have experienced a very deep and difficult trauma that stems from the underlying facts of this case. A.K. is a minor and the facts of this case reveal a child who struggled for years with severe mental health issues that are highly personal and protected from public disclosure by HIPAA.[2] In this instance, A.K. suffered from mental health conditions such as autism spectrum disorder, aggression, ADHD, age-inappropriate tantrums, and other undesirable behaviors such as urinating on the floor which were of sufficient severity to merit treatment at the residential level of care.

These diagnoses, symptoms, and behavior all qualify as highly sensitive and personal information that should be protected, an anonymity allows the litigation to proceed without fear of further trauma.

**ARGUMENT**

The presumptive rule under the Federal Rules of Civil Procedure is that the identities of the parties are included on the pleadings.[3] The Seventh Circuit has explained the public policy rationale the supports the general rule that parties must proceed under their own names. *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997) (establishing reasons for proceeding anonymously); *Doe v. City of Chicago,* 360 F.3d 667, 669-70 (7th Cir. 2004)(same). But the Seventh Circuit has identified times when Plaintiffs should proceed anonymously. "In some situations, a litigant's use of a fictitious name is warranted. Such situations include protecting the identities of "children, rape victims, and other particularly vulnerable parties."' *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016) (citing *Blue Cross*, 112 F.3d at 87).

---

[2] 42 U.S.C.S. §1320d.

[3] *See* Fed. R. Civ. P. 10(a); *see also Richard S. v. Sebelius,* C/A No. 3:12-cv-00007TMC, 2012 WL 1909344, at *1 (D.S.C. May 25, 2012).

Plaintiff acknowledges the public interest in open judicial proceedings "even in ordinary civil litigation between private parties," because such suits, "individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms."[4] But these ERISA cases, especially those dealing with minors represent the square peg that does not fit into the round hole.

Courts around the country have evaluated these types of situations and allowed parties to proceed anonymously in cases involving highly sensitive and personal medical issues such as those experienced by A.K..[5]  For example in *Doe v. Hartford,* public disclosure of claimant's identify in denied benefit cases would deter civil litigants from asserting their claims for fear of the repercussions if their conditions were made public. If the details of this case are publicly linked to Brady or A.K. the family would risk even more trauma, similar to that described in the cited cases.

Further, A.K. was a minor for the entire duration of the treatment at issue in this case, and as of the date of this motion, is still under the age of majority. Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identities of minors by, at minimum, only using the minor in question's initials when filing their pleading. Here, because A.K. remains a minor, and to best preserve his anonymity, Plaintiff elected to file the complaint using only A.K.'s initials as required by the Federal Rules. And while Brady. is not a minor, disclosure of either Brady or

---

[4] *GEICO Gen. Ins. Co. v. M.O.*, 2021 U.S. Dist. LEXIS 192664, *19 (D. Kan. 2021) (quotation marks omitted, citing *Doe v. Del Rio*, 241 F.R.D. 154, 158-59 (S.D.N.Y. 2006)).

[5] *See, e.g., K.H.B. v. UnitedHealthcare Ins. Co.*, 2018 U.S. Dist. LEXIS 144690, at *2 (N.D. Cal. 2018) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously, reasoning that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public").¶

A.K.'s full identity would have the impact of revealing the identity of the minor and would be in violation of both the purpose and spirit of Rule 5.2(a)(3).[6]

While not controlling, Illinois law provides borad protections to mental health and developmental disabilities information. *See* Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq. Under this law, mental health or developmental disabilities service may not be released without the patient's specific written "consent." *Id.* at Sec. 5. These services include includes examination, diagnosis, evaluation, treatment, and pharmaceuticals. *Id.* at Sec. 2. The law has specific requirements as to what constitutes a valid "consent," which are similar to HIPAA's Authorization requirements but require some additional provisions (such as a witness signature). If required to proceed under their actual names, Plaintiffs would lose the protections that Illinois law provides.

Applying the same rationale that the medical and mental health records of a a minor should be protected, courts have consequently recognized that juveniles' names should not be publicly disclosed—even after the juveniles have attained majority—when the facts underlying a lawsuit involved them as a minor. For example, the Middle District Court of North Carolina has ruled that a plaintiff could proceed anonymously when the minor reached the age of majority after the case was filed.[7]

Likewise, in *T.S.H. v. Northwest Missouri State University*, the plaintiffs alleged that their rights were violated when the defendants disclosed their identities in an investigation into

---

[6] *Doe v. United States*, 2017 U.S. Dist. LEXIS 234261, at *3 (M.D.N.C. Sep. 12, 2017) ("With respect to the minor Plaintiffs, Fed. R. Civ. P. 5.2(a)(3) requires that only a minor's initials be used in a court filing. To identify initials of the minors and the full name of any guardian appointed would defeat the purpose of Rule 5.2.").

[7] *See Order and Recommendation of United States Magistrate Judge*, *N.E. v. Blue Cross Blue Shield of North Carolina and Carson Dellosa Publishing, LLC*, case no. 1:21-cv-00684, ECF No. 47 at 33-34 (M.D. N.C. Feb. 24, 2023) and *Order Accepting Recommendation of United States Magistrate Judge*; ECF Doc. 51 (M.D. N.C. Mar. 29, 2023).

voyeurism when the plaintiffs were juveniles.[8] The court granted the plaintiffs' request to maintain the lawsuit under their initials, even though they were by then adults; it observed that "revealing Plaintiffs' identities in this lawsuit would defeat the protections afforded to their juvenile records."[9]

In fact, the interest in the public's right to know about and learn from this litigation is protected and enhanced by allowing Plaintiff to proceed anonymously. The parties will likely need to discuss and quote from A.K.'s medical records, but if Brady and A.K.'s full names are used, the parties may need to redact large portions of their dispositive motions and file their unredacted motions under seal to protect A.K.'s HIPAA rights. In contrast, if Brady and A.K. remain anonymous, Plaintiff expects to file any dispositive motion without any redaction necessary, thereby allowing more information to be reflected in the public record.

The private and sensitive nature of A.K.'s mental health history and challenging behavior merits the same protection as these other areas. Here, Plaintiff is not attempting to avoid simple annoyance or criticism that is inherent in litigation. Rather, the family experienced a very deep and difficult trauma that stems from the underlying facts at issue in this case and anonymity in this case will preserve the right to privacy guaranteed by HIPAA.[10] Anonymity in this case also protects innocent third parties including family and friends who would be identifiable if the Plaintiff is identified.

Plaintiff has not yet conferred with the Defendants as no appearance has yet been made. Historically Plaintiff's counsel has not typically encountered objections from the defendant but

---

[8] *T.S.H. v. Northwest Mo. State Univ.*, 2019 U.S. Dist. LEXIS 174372, *3-7, 2019 WL 5057586 (W.D. Mo. 2019).
[9] *Id*. at *6. *See also Nelson v. Green,* 2007 U.S. Dist. LEXIS 23125, *5, 2007 WL 984127 (W.D. Va. 2007) (permitting plaintiff suing county social services department to use pseudonym and refer to wife and child by pseudonym).
[10] 42 U.S.C.S. § 1320d.

Plaintiffs would ask the Court to allow a period of 30-60 days from the appearance of any

defendant to raise an objection.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court allow them to proceed

anonymously.

DATED this 4th day of February 2025.


/s/ Brian S. King
BRIAN S. KING, P.C.
420 E. South Temple Suite 420
Salt Lake City, Ut 84111
Brian@briansking.com
Attorney for Plaintiffs


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served to

all parties registered to receive notifications via the Court's CM/ECF filing system.

Dated this 4th day of February 2025.


/s/ Brian S. King